G. L. HOLTON, EXECUTOR, ESTATE OF EMILY F. TURNER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4214. Promulgated May 28, 1927.

The evidence fails to show that earnings out of which a dividend was paid on July 10, 1922, were accumulated prior to March 1, 1913, and were therefore subject to tax under the provisions of the Revenue Act of 1921.

*Thomas R. Dempsey, Esq.,* and *Earl L. Wisdom, Esq.,* for the petitioner.

*L. C. Mitchell, Esq.,* for the respondent.

This is an appeal from the determination of a deficiency by the Commissioner of $3,182.66 for 1922. The case was submitted on depositions taken in Los Angeles, Calif.

The error alleged is that the Commissioner computed a surtax on a dividend received by the petitioner in 1922 when such dividend was nontaxable, since the distribution was made by the distributing corporation, the Turner Oil Co., from earnings which had accumulated prior to March 1, 1913, and was, therefore, exempt from tax under the provisions of section 201 of the Revenue Act of 1921.

### FINDINGS OF FACT.

On July 10, 1922, Emily F. Turner (now deceased) was the owner of 82,474 shares of the capital stock of the Turner Oil Co., out of a total issued and outstanding capital stock of 135,000 shares. On that date, the Turner Oil Co. paid a dividend of 50 cents per share, amounting to $67,500, of which amount said Emily F. Turner received $41,237.

In 1904, the Turner Oil Co. (hereinafter referred to as the Oil Company) acquired all of the capital stock of the Densmore-Stabler Refining Co. (hereinafter referred to as the Refining Company), and on March 1, 1913, held all of this stock (except five qualifying shares). In 1910 there was a reduction in the capitalization of the Refining Company, but this did not affect the ownership of its stock by the Oil Company. The same condition as to stock ownership existed in 1916 when the Refining Company was dissolved and its assets taken over by its parent, the Oil Company, at their book value. Neither the value of the Refining Company's assets nor its stock increased in value from March 1, 1913, to date of liquidation in 1916.

The surplus account of the Oil Company showed a surplus on March 1, 1913, of $215,105.54 and the evidence submitted for the Refining Company showed a surplus on the same date of $90,033.54,

making a total for the two companies of $305,139.08. Both companies showed small profits or losses during the years 1913, 1914, and 1915, but either on account of losses or dividend payments, the surplus of the Oil Company had decreased to $147,366.80 on December 31, 1916, and that of the Refining Company, to $73,433.62, making a combined total of $220,800.42. There was an increase in the combined surplus of the two companies during 1916 of $9,469.15. A dividend of $9,450 was paid by the Oil Company on April 15, 1916, and another on March 13, 1917, of $20,250, the two taken together more than consuming any earnings from March 1, 1913, which had not theretofore been distributed. Either through losses or dividends, the entire income from 1917 through 1920 was dissipated. The income for 1921 and 1922, up to the date of the dividend payment in question, was insufficient of itself to make the petitioner subject to surtax. On December 31, 1921, the surplus on the books of the Oil Company was $178,916.61, which was changed but slightly on July 10, 1922, the date the dividend in question was paid, since the earnings were negligible for this period.

### OPINION.

LITTLETON: The only question for consideration in this case is whether the dividend which the petitioner received on July 10, 1922, was paid by the Turner Oil Co. out of earnings accumulated prior to March 1, 1913, and was therefore exempt from tax under the provisions of section 201 (b) of the Revenue Act of 1921, the pertinent part of which is as follows:

For the purposes of this Act every distribution is made out of earnings or profits, and from the most recently accumulated earnings or profits, to the extent of such earnings or profits accumulated since February 28, 1913; but any earnings or profits accumulated or increase in value of property accrued prior to March 1, 1913, may be distributed exempt from the tax, after the earnings and profits accumulated since February 28, 1913, have been distributed. * * *

We have found as a fact that all earnings which accrued from operations from March 1, 1913, to the date of the dividend here, sufficient to make the petitioner subject to surtax, had disappeared either through dividend payments or losses from operations, and we are also of the opinion that no profit was realized through the liquidation of the Refining Company by the Oil Company. The only question which remains is whether the earnings of the Refining Company which were accumulated prior to March 1, 1913, and which came to the Oil Company through liquidation of the Refining Company in 1916 would be exempt from tax when distributed to the stockholders of the Oil Company in 1922.

In the first place it should be noted that the statute here in question says " any earnings or profits accumulated or increase in value of property accrued prior to March 1, 1913, may be distributed exempt from the tax after the earnings and profits accumulated since February 28, 1913, have been distributed." Prior to March 1, 1913, the earnings of the Refining Company, which came to the Oil Company through liquidation in 1916, had accumulated in the hands of the Refining Company, but this was not true with respect to such earnings to the Oil Company. Prior to 1916 the Oil Company was merely a stockholder of the Refining Company and had no right to the earnings of the Refining Company until they came to it through liquidation in 1916, and therefore can not be said to have accumulated in the hands of the Oil Company until 1916.

By the liquidation, the Oil Company came into ownership of these earnings and they then became a part of its surplus, but this was not true prior to this time. True, the Oil Company owned stock of the Refining Company which did not have a greater value in 1916 than it had on March 1, 1913, but by the exchange of this stock for the assets of the Refining Company in 1916, a closed and completed transaction was effected on which a gain or loss might have been computed. It was then that the earnings of the Refining Company were accumulated to the Oil Company and not before, and consequently would not be exempt from tax under the provisions of section 201 (b) of the Revenue Act of 1921.

What part of the entire dividend here in question was paid from earnings of the Oil Company which had accumulated prior to March 1, 1913, and what part from the earnings of the Refining Company which came to the Oil Company in 1916, the evidence in the case is insufficient to determine.

The action of the Commissioner must, therefore, be affirmed.

*Judgment will be entered for the respondent.*